**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Nolan R. Povanesso,<br><br>Plaintiff,<br><br>v.<br><br>Apple, Inc., Officer Skinner, and Natalie A. Allen,<br><br>Defendants. | Case No. 4:26-cv-01997-JD-MGB<br><br>ORDER AND OPINION |

This matter is before the Court on Plaintiff Nolan R. Povanesso's *pro se* objections under Federal Rule of Civil Procedure 72(a) to the Magistrate Judge's June 22, 2026, Order (DE 19), filed at DE 30, and on Plaintiff's July 14, 2026, supplemental filing (DE 37). Also before the Court is Plaintiff's Supplemental Rule 72(a) Objection (DE 58), which challenges the Magistrate Judge's August 20, 2026, Order (DE 45). For the reasons below, the objections are overruled. The August 20 Order is affirmed as modified solely to correct its statement of the current Rule 4(m) service period.

## I. BACKGROUND

Defendant Officer Skinner removed this action from the Horry County Court of Common Pleas on May 18, 2026. (DE 1.) Skinner answered the Complaint that same day. (DE 3.) On May 20, 2026, the Magistrate Judge noted that Defendants Apple, Inc. ("Apple") and Natalie A. Allen had not appeared and the record did not show completed service upon them. The Magistrate Judge directed Plaintiff to complete and return service documents and advised that the Rule 4(m) service period was ninety days from removal. (DE 8.)

On June 11, 2026, Plaintiff sought entry of default against Skinner and Apple and moved for alternative service on Allen. (DE 13; DE 14.) The Magistrate Judge denied both requests on June 22, 2026. (DE 19.) The Clerk mailed DE 19 to Plaintiff that same day. (DE 20.) Plaintiff filed a Rule 72(a) objection on July 8, 2026. (DE 30.) He later filed DE 37, styled as a reply and supplemental objection, on July 14, 2026.

Plaintiff thereafter submitted additional materials concerning service on Apple and Allen. On August 20, 2026, the Magistrate Judge directed Plaintiff to provide proof of acceptance of certified-mail service on Apple by September 15, 2026, and authorized the United States Marshal to attempt personal service on Allen. (DE 45.) The Clerk mailed DE 45 to Plaintiff on August 20. (DE 48.)

On September 4, 2026, Apple appeared through counsel and filed a motion directed exclusively to Federal Rule of Civil Procedure 12(b)(6). (DE 53 at 1; DE 53-1 at 1–4.) That motion remains pending before the Magistrate Judge. Plaintiff filed DE 58 on September 10, 2026, challenging DE 45 and also renewing service and removal arguments. (DE 58 at 1–9.) The Court construes DE 58 as objections to DE 45 under Rule 72(a).

## II. STANDARD OF REVIEW

Rule 72(a) requires a party to serve and file objections to a magistrate judge's non-dispositive pretrial order within fourteen days after service of the order. Fed. R. Civ. P. 72(a). The district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). A factual finding is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Stonecrest Partners, LLC v. Bank*

*of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011) (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 196 (4th Cir. 2009) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985))). Legal conclusions are reviewed under the contrary-to-law standard. *Id.*

Rule 72(a) also provides that a party "may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). When service of an order is made by mail, Rule 6(d) adds three days to the otherwise applicable period. Fed. R. Civ. P. 6(d).

## III. DISCUSSION

### A. Plaintiff's Objections to the June 22, 2026, Order

DE 30 seeks to set aside DE 19 and focuses principally on the Magistrate Judge's refusal to enter default against Skinner and Apple, the treatment of Plaintiff's service attempts, asserted waiver, and alleged unequal procedural treatment. (DE 30 at 1–15.) DE 37 elaborates on several of those theories and adds removal-related arguments. (DE 37 at 1–7.) None establishes that DE 19 was clearly erroneous or contrary to law.

#### 1. Skinner's Answer and Removal Timing

Rule 55(a) requires entry of default only when a party "has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). Skinner filed an Answer as a separate docket entry on May 18, 2026, the same day he removed the action. (DE 3.) That filing defeats the factual premise that Skinner failed to plead or otherwise defend.

Plaintiff cites *Varnes* and *Brock* for the proposition that Skinner's allegedly defective Answer required default. (DE 30 at 2–3.) Neither case supports that

proposition. *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Can.*, 674 F.2d 1365, 1368–70 (11th Cir. 1982), concerned a default judgment entered on an amended complaint that asserted a new claim for attorney's fees but had not been served as required by Rules 4 and 5; it did not hold that a filed answer containing alleged pleading defects is a nullity. *Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 64 (2d Cir. 1986), involved counsel's failure to appear during an ongoing trial and expressly distinguished that circumstance from the typical Rule 55 case involving failure to file a timely answer. Neither decision required default here.

Plaintiff also argues that Skinner's Answer was a legal nullity because removal was untimely. (DE 30 at 9–12; DE 37 at 1–2, 5–7.) The argument fails even if the Court assumes, without deciding, that April 18, 2026, was the event that triggered the thirty-day removal period under 28 U.S.C. § 1446(b)(1). Rule 6(a)(1)(A) excludes the triggering day from the computation. April 19 was, therefore, day one, and May 18 was day thirty. Removal on May 18 was timely on Plaintiff's own assumed starting date. Skinner's Answer, filed that same day, was also within Rule 81(c)(2)(C)'s seven-day period following removal. The Magistrate Judge, therefore, did not err in refusing to enter default against Skinner.

Plaintiff also contends that the certified mailing returned "UNCLAIMED" constituted completed service on Skinner. (DE 30 at 7–10; DE 37 at 4.) South Carolina Rule of Civil Procedure 4(d)(8) provides that certified-mail service is effective on the date of delivery shown on the return receipt and, if delivery is refused or returned undelivered, service must be made as otherwise provided by the rules. S.C. R. Civ. P.

4(d)(8). The Magistrate Judge, therefore, did not clearly err by declining to treat an unclaimed mailing, standing alone, as conclusive proof of completed service.

**2. Apple's Service, Waiver, and Plaintiff's Request for Default**

The Magistrate Judge likewise did not err in refusing to enter default against Apple on the record then before the Court. Valid service ordinarily is a prerequisite to the exercise of personal jurisdiction and to a defendant's obligation to respond. *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) (holding a default judgment void where service was ineffective). Although actual notice may support liberal construction of technical requirements, *Armco* makes clear that the plain requirements governing the means of service may not be ignored. *Id.*

Federal Rule of Civil Procedure 4(h)(1)(A) permits service on a corporation in the manner prescribed by Rule 4(e)(1), including by following the law of the state where the district court is located or where service is made. South Carolina Rule 4(d)(8) permits certified or registered mail, return receipt requested, with delivery restricted to the addressee. Service under that paragraph may not support default unless the record contains a return receipt showing acceptance by the defendant. S.C. R. Civ. P. 4(d)(8).

Plaintiff relies on *Roche* to argue that actual notice cured any defect in his certified-mail service on Apple. (DE 30 at 5, 8.) *Roche v. Young Bros., Inc. of Florence*, 318 S.C. 207, 210–12, 456 S.E.2d 897, 899–900 (1995), explained that exacting compliance is unnecessary, but it upheld service only after determining that the plaintiff had "fully complied with all of the requirements of Rule 4(d)(8)," including

restricted delivery and a return receipt showing acceptance by the defendant. Thus, actual notice alone was not the basis of the holding.

Plaintiff also argues that service on counsel's office staff was sufficient because those individuals were authorized or implied agents. (DE 30 at 5–7.) The authorities he cites point in the opposite direction. In *Moore v. Simpson*, 322 S.C. 518, 523–24, 473 S.E.2d 64, 67 (S.C. Ct. App. 1996), the Court explained that the mere fact a person acts as the defendant's agent for some purposes does not necessarily authorize that person to accept service; the circumstances must establish authority that is express or implied from the relationship. Likewise, *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094–96 (2d Cir. 1990), held that delivery to attorneys who lacked authority to accept process was ineffective, although the defendant later waived the service defense by failing to assert it properly in that same action. Those decisions do not establish that delivery to an attorney or office employee, without authority to accept process, itself perfects service.

Plaintiff also relies on Apple's participation in earlier state-court proceedings to establish a general appearance and waiver. (DE 30 at 5–7, 11–12.) South Carolina Rule 4 provides that a voluntary appearance is equivalent to personal service. But the authorities Plaintiff cites concern appearance or litigation conduct in the action in which service is at issue; none establishes that waiver in one proceeding carries forward into a later, separately filed action merely because the matters arise from the same underlying controversy. Apple's alleged participation in earlier proceedings, therefore, did not establish that Apple had been served or had voluntarily appeared in this action when DE 19 was entered.

Plaintiff also contends that removal cured any state-law service defect. (DE 30 at 6, 10, 12.) But 28 U.S.C. § 1448 does not automatically convert incomplete or defective state-court service into completed service upon removal. The statute permits service that was incomplete or defective before removal to be completed, or permits new process to issue, in federal court. *See Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967). Plaintiff thus did not show that the Magistrate Judge clearly erred in requiring an adequate showing of service before default could be entered against Apple.

**3. Plaintiff's Remaining Arguments and DE 37**

Plaintiff's unequal-treatment arguments do not identify legal error. (DE 30 at 2–4, 13–15.) Rule 83(a)(2) concerns enforcement of local rules imposing requirements of form; the Magistrate Judge's application of Rule 4 did not invoke such a local rule. Rule 1's directive that the Federal Rules be administered to secure the just, speedy, and inexpensive determination of actions likewise does not allow a court to disregard service requirements. And although *pro se* pleadings are construed liberally, ordinary procedural requirements are not suspended merely because a litigant proceeds without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

Plaintiff also invokes two prior decisions of this Court and argues that they establish a "default-averse" pattern that DE 19 allegedly contradicts. (DE 30 at 13–15.) Those fact-specific rulings do not establish that DE 19 was clearly erroneous or contrary to law. Rule 72(a) asks whether the challenged order is clearly erroneous or contrary to governing law, not whether an unrelated case produced a different result on a different record.

DE 30 requests that DE 19 be set aside in full. (DE 30 at 15.) To the extent that request encompasses the denial of alternative service on Allen, Plaintiff has not shown error. DE 19 noted that Plaintiff sought service by email and unspecified "other means," and concluded that the identified federal and South Carolina service provisions did not authorize email service on the record presented and that Plaintiff had not identified another proposed method. (DE 19 at 4–5.) Plaintiff has not shown that ruling to be contrary to law.

DE 19 was mailed to Plaintiff on June 22, 2026. With the additional three days provided by Rule 6(d), the period to object expired July 9, 2026. DE 30, filed July 8, was timely. DE 37, filed July 14, was not. The Court has considered DE 37 to the extent it elaborates on grounds timely raised in DE 30. To the extent DE 37 asserts new defects in DE 19, those objections were not timely made under Rule 72(a).

In particular, DE 37 asserts lack of unanimous consent to removal. (DE 37 at 3.) Even if the Court construes that filing as requesting remand on that basis, lack of unanimity is a procedural removal defect, not a defect in subject-matter jurisdiction, and a motion to remand on that ground must be made within thirty days after the notice of removal. 28 U.S.C. § 1447(c); *see Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203–04 (4th Cir. 2006). The notice of removal was filed May 18, 2026; DE 37 was filed July 14. The unanimity objection was, therefore, untimely as a basis for remand. Moreover, § 1446(b)(2)(A) requires joinder or consent only from defendants who were "properly joined and served," and the record at removal did not establish completed service on Apple or Allen. Accordingly, DE 37 does not supply a basis to disturb DE 19.

For these reasons, Plaintiff has not shown that any challenged portion of DE 19 was clearly erroneous or contrary to law.

### B. Plaintiff's Objections to the August 20, 2026, Order

#### 1. Timeliness

DE 58 is untimely under Rule 72(a). DE 45 was served by mail on August 20, 2026. The fourteen-day period expired September 3, 2026. Fed. R. Civ. P. 6(a)(1). Rule 6(d) added three days, extending the period through September 6. Because September 6 was a Sunday and September 7 was a legal holiday, the deadline moved to Tuesday, September 8, 2026. Fed. R. Civ. P. 6(a)(1)(C), (a)(6), (d). DE 58 is dated September 9 and was filed September 10. It was, therefore, not timely filed.

Plaintiff alleges that earlier proof-of-service submissions were delayed or failed to appear on the docket. (DE 58 at 2.) Even construing DE 58 liberally as seeking an extension under Rule 6(b)(1)(B), those allegations concern earlier proof-of-service materials and do not explain why an objection to DE 45 could not have been made by September 8. Plaintiff, therefore, has not shown excusable neglect directed to the untimeliness of DE 58. Rule 72(a) bars assignment of error to DE 45 on that basis.

#### 2. Alternative Merits Analysis

Even if the Court reaches the merits, DE 58 does not establish that the Magistrate Judge's August 20 rulings were clearly erroneous or contrary to law.

First, Plaintiff correctly notes that failure to file proof of service does not invalidate service that otherwise occurred. (DE 58 at 2, 7.) Fed. R. Civ. P. 4(l)(3). But the converse does not follow. Rule 4(l)(3) distinguishes the validity of service from proof of service; it does not require the Court to find service established when the

record does not yet demonstrate that the prescribed means of service were satisfied. DE 45 required Plaintiff to provide evidence that Apple accepted the certified mailing before the Court would find service completed. (DE 45 at 3.) That requirement did not invalidate any otherwise valid service.

Second, Plaintiff renews his actual-notice and prior-waiver theories. (DE 58 at 2–7.) Those theories do not establish error in DE 45 for the reasons already stated: *Armco*, *Roche*, *Moore*, and *Santos* distinguish actual notice from compliance with the prescribed means of service and distinguish ineffective delivery from waiver by litigation conduct in the action before the court.

Plaintiff also relies on Apple's September 4, 2026, Rule 12(b)(6) motion to argue that Apple waived service-related defenses. (DE 58 at 4–6, 8–9.) Apple's motion itself invokes Rule 12(b)(6), and its supporting memorandum addresses the sufficiency of the Complaint rather than service or personal jurisdiction. (DE 53 at 1; DE 53-1 at 1–4.) But that filing postdates DE 45 and therefore cannot demonstrate that the Magistrate Judge's August 20 ruling was clearly erroneous or contrary to law when entered. DE 53 remains pending before the Magistrate Judge. The Court, therefore, expresses no opinion in this Order concerning what effect, if any, Apple's September 4 filing may have under Federal Rules of Civil Procedure 12(g) and 12(h), or upon any service-related defense Apple may otherwise have possessed.

DE 58 separately argues that the Magistrate Judge improperly raised Rule 12(b)(2) and Rule 12(b)(5) defenses on Apple's behalf. (DE 58 at 8–9.) That argument does not show error in the rulings presently under review. When Plaintiff sought default against Apple, whether valid service and personal jurisdiction supported

entry of default was part of the question Plaintiff placed before the Court. Addressing that prerequisite did not transform the dispute into a different case of the sort condemned in *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020). The effect of Apple's later Rule 12(b)(6) filing, by contrast, is a later-arising issue that remains outside the scope of these Rule 72(a) objections.

Third, DE 58's removal arguments do not identify error in DE 45, which addressed service. (DE 58 at 8–9.) In any event, Plaintiff's removal-timing argument fails for the reason discussed above: even assuming April 18 was the triggering event under § 1446(b)(1), May 18 was day thirty under Rule 6(a)(1)(A). Plaintiff's unanimity argument is a procedural objection that was not timely presented in a motion to remand within § 1447(c)'s thirty-day period. *Payne*, 439 F.3d at 203–04. Plaintiff has not shown a jurisdictional defect requiring remand.

Finally, the Court corrects one statement in DE 45. In directing service by the United States Marshal, DE 45 stated that 28 U.S.C. § 1448 and Rule 4(m) provided a "120 day period" following removal in which service could be completed or begun anew. (DE 45 at 4.) Current Rule 4(m) provides a ninety-day presumptive service period. Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment (reducing the period from 120 days to 90 days). The Magistrate Judge's May 20 Order correctly identified the ninety-day period. (DE 8 at 2.)

That correction does not otherwise alter DE 45. Rule 4(m) authorizes the Court to order service within a specified additional time, and the September 15 deadline in DE 45 gave Plaintiff additional time rather than shortening the period available to him. The Court, therefore, modifies DE 45 only to correct the reference from 120 days

to 90 days; the remainder of DE 45, including the service directives and deadlines previously entered, is not disturbed by this Order.

## IV. CONCLUSION

Accordingly, Plaintiff's Rule 72(a) Objection (DE 30) is OVERRULED, and the Magistrate Judge's June 22, 2026, Order (DE 19) is AFFIRMED. DE 37 has been considered insofar as it elaborates on timely objections; any new objections are untimely and do not warrant relief.

Plaintiff's Supplemental Rule 72(a) Objection (DE 58) is OVERRULED as untimely and, alternatively, on the merits. The Magistrate Judge's August 20, 2026, Order (DE 45) is AFFIRMED AS MODIFIED solely to correct the Rule 4(m) presumptive service period from 120 days to 90 days.

The Court expresses no opinion on Apple's pending Motion to Dismiss (DE 53) or the effect, if any, of that filing under Rules 12(g) and 12(h); those matters remain before the Magistrate Judge.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 28, 2026