**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Nolan R. Povanesso,<br><br>Plaintiff,<br><br>v.<br><br>Apple, Inc., Officer Skinner, and Natalie A. Allen,<br><br>Defendants. | Case No. 4:26-cv-01997-JD-MGB<br><br>ORDER AND OPINION |

This matter is before the Court on Plaintiff Nolan R. Povanesso's pro se objections under Federal Rule of Civil Procedure 72(a) (DE 89) to three non-dispositive orders entered by the Magistrate Judge on October 7, October 19, and October 20, 2026 (DE 76, 81, 85). Plaintiff also requests consideration of several pending motions and entry of default. For the reasons below, the objections are overruled, and the challenged orders are affirmed. The Court does not reach the merits of the separately pending motions.

## I. BACKGROUND

Defendant Officer Skinner removed this action on May 18, 2026, and filed an Answer that same day. (DE 1; DE 3.) Plaintiff subsequently sought entry of default and alternative service. (DE 13; DE 14.) The Magistrate Judge denied those requests. (DE 19.) On September 28, 2026, this Court overruled Plaintiff's Rule 72(a) objections, affirmed DE 19, and affirmed a subsequent service order (DE 45) as modified solely to correct its statement of the Rule 4(m) service period. (DE 64.) The

Court expressly reserved the effect, if any, of Apple's pending motion to dismiss under Rules 12(g) and 12(h). (*Id.* at 12–13.)

Apple moved to dismiss on September 4, 2026. (DE 53.) The United States Marshal personally served Defendant Natalie A. Allen on September 11, 2026. (DE 63.) Allen subsequently filed a pro se motion to dismiss on October 2, 2026. (DE 66.) Both motions remain pending.

On October 5, 2026, Plaintiff filed a motion for sanctions (DE 71), a motion for protective order (DE 72), a motion under Rule 54(b) to revise interlocutory orders (DE 73), and a document addressed to Allen requesting her written consent to a potential motion to realign her as a co-plaintiff (DE 74). On October 7, the Magistrate Judge entered a Text Order explaining that communications between parties should not be filed with the Court and declining to take action on DE 74. (DE 76.)

Plaintiff thereafter requested guidance concerning service on Allen. (DE 78.) On October 19, the Magistrate Judge confirmed that Allen had been personally served and directed Plaintiff to serve subsequent filings on her under Rule 5(b)(2) and file appropriate certificates of service. (DE 81.)

That same day, Apple requested a seven-day extension to respond to DE 71, 72, and 73. (DE 82.) On October 20, the Magistrate Judge extended Apple's response deadline through October 26, 2026. (DE 85.) Apple filed its response on that date. (DE 90.)

On October 23, 2026, Plaintiff filed the present objections to DE 76, 81, and 85. (DE 89.) He principally contends that the Magistrate Judge should have addressed pending protective-order and sanctions issues, procedural-waiver arguments, and

alleged cumulative prejudice before entering the challenged orders. Plaintiff asks that those orders be set aside, his outstanding motions considered, and default entered. (*Id.* at 2–4.)

## II. STANDARD OF REVIEW

Rule 72(a) requires a party to serve and file objections to a magistrate judge's non-dispositive pretrial order within fourteen days after service of the order. Fed. R. Civ. P. 72(a). The district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). A factual finding is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011) (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 196 (4th Cir. 2009) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985))). Legal conclusions are reviewed under the contrary-to-law standard. *Id.*

Rule 72(a) also provides that a party "may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). When service of an order is made by mail, Rule 6(d) adds three days to the otherwise applicable period. Fed. R. Civ. P. 6(d).

## III. DISCUSSION

### A. Timeliness

Plaintiff's objections are timely. The Clerk mailed DE 76 on October 7, 2026. (DE 77.) The fourteen-day objection period expired October 21. With the additional three days permitted by Rule 6(d), the deadline fell on Saturday, October 24, and

therefore extended to Monday, October 26. See Fed. R. Civ. P. 6(a)(1)(C), (d). Plaintiff filed DE 89 on October 23.

The objections to DE 81 and DE 85, entered on October 19 and October 20, respectively, were likewise timely. Accordingly, the Court addresses their merits.

## B. The Challenged Orders

### 1. The October 7, 2026, Order (DE 76)

DE 76 addressed Plaintiff's filing requesting Allen's written consent to a possible future motion to realign her as a co-plaintiff. (DE 74.) The Magistrate Judge explained that communications directed to another party should not be filed with the Court and declined to take action on the document.

The Magistrate Judge did not adjudicate a motion to realign Allen, nor did DE 76 determine whether realignment or other relief would be appropriate upon a properly presented motion. Rather, the order addressed the filing of correspondence directed to another party. Plaintiff identifies no rule requiring the Court to act on such correspondence. Nor has he established that the pendency of his motions for sanctions and protective relief prohibited the Magistrate Judge from addressing DE 74. Accordingly, Plaintiff has not shown that DE 76 was clearly erroneous or contrary to law.

### 2. The October 19, 2026, Order (DE 81)

DE 81 addressed Plaintiff's request for clarification concerning the status of service on Allen. (DE 78.) The Magistrate Judge accurately observed that the United States Marshal personally served Allen on September 11, 2026, and that Allen subsequently appeared pro se and moved to dismiss. (DE 63; DE 66.) Because Allen

is not represented by counsel, the Magistrate Judge directed Plaintiff to serve her with filed documents in accordance with Rule 5(b)(2) and to file certificates identifying the recipient, documents served, and method of service. (DE 81.)

Rule 5 requires service of written motions and other papers subject to its requirements. Fed. R. Civ. P. 5(a)(1). When a paper required to be served is filed and served by means other than the Court's electronic-filing system, a certificate of service generally must be filed. Fed. R. Civ. P. 5(b)(2), (d)(1)(B).

The Magistrate Judge's directive was consistent with those requirements and reasonably addressed the procedural uncertainty identified in Plaintiff's filing. Plaintiff identifies no materially inaccurate factual premise or legal defect in the order. Accordingly, DE 81 was neither clearly erroneous nor contrary to law.

**3. The October 20, 2026, Order (DE 85)**

Plaintiff also challenges the Magistrate Judge's order extending Apple's response deadline for DE 71, 72, and 73 through October 26, 2026. (DE 85.)

Under Federal Rule of Civil Procedure 6(b)(1)(A), a court may extend a deadline for good cause when the request is made before the original deadline expires.

Apple filed its motion on October 19, 2026, the existing response deadline. (DE 82.) Apple explained that Plaintiff had filed multiple motions on October 5, that counsel needed more time to prepare responses, and that counsel had been on vacation and would remain so through the week. Apple requested its first extension, limited to seven days, and represented that the extension would not affect other case deadlines. (*Id.* at 1.)

These circumstances supplied good cause for the brief extension. The request was timely, concerned responses to three separate motions, and sought a limited adjustment without affecting other deadlines. Apple subsequently filed its response within the extended period. (DE 90.)

Plaintiff has not shown that the extension impaired his ability to present his arguments or otherwise caused cognizable prejudice. Moreover, DE 85 did not decide the merits of any underlying motion; it merely afforded Apple additional time to respond.

The Magistrate Judge therefore acted within her discretion in granting the extension. DE 85 was neither clearly erroneous nor contrary to law.

**C. Plaintiff's Remaining Arguments**

Plaintiff contends that the Magistrate Judge should have addressed his pending motions for sanctions and protective relief before entering additional procedural orders. (DE 89 at 2–3.)

The Court recognizes the seriousness of the allegations underlying those motions, including Plaintiff's assertions of harassment, interference with filings, and threats to personal safety. Those allegations, however, do not establish that the Magistrate Judge was required to resolve the motions before addressing unrelated matters concerning party communications, service of filings, and briefing deadlines.

DE 76 was entered only two days after Plaintiff filed DE 71 and DE 72. The subsequent orders addressed discrete procedural matters while those motions remained pending. None adjudicated or foreclosed Plaintiff's requests for sanctions

or protective relief. Those requests remain subject to separate consideration, and the Court expresses no opinion on their merits.

Plaintiff also renews arguments concerning removal, service, waiver under Rules 12(g)(2) and 12(h)(1), and the asserted preservation of default. (DE 89 at 3; DE 73; DE 79.) Those arguments do not establish error in any of the three challenged orders.

The Court previously considered related removal, service, and default arguments in DE 64. It expressly reserved the effect, if any, of Apple's motion to dismiss under Rules 12(g) and 12(h) for consideration in the pending proceedings. (DE 64 at 12–13.) Plaintiff cannot obtain a substantive ruling on the motions to dismiss (DE 53; DE 66), his motion to strike (DE 80), or his Rule 54(b) motion (DE 73) through objections to the distinct procedural orders at issue here.

Nor does Plaintiff's assertion of cumulative prejudice establish a basis for relief. (DE 89 at 3.) Although several motions remain unresolved, Plaintiff has not shown that the challenged orders deprived him of an opportunity to present his positions, imposed an unauthorized procedural burden, or otherwise affected his substantive rights. The pendency of multiple motions, without more, does not render routine pretrial-management decisions clearly erroneous or contrary to law.

Plaintiff also requests that the Court direct the Clerk to enter default. (DE 89 at 4.) The Court previously affirmed the denial of Plaintiff's earlier request for default. (DE 64.) None of the three orders challenged here adjudicated a renewed request for default, and the present objections establish no basis for such relief.

The docket also reflects that Skinner filed an Answer and that Apple and Allen moved to dismiss. (DE 3; DE 53; DE 66.) Accordingly, Plaintiff's renewed request for entry of default is denied insofar as presented in DE 89. This determination does not resolve Plaintiff's separate challenges to the pending motions to dismiss.

Finally, the proposed order attached to DE 89 requests expedited consideration, recusal, and additional relief beyond the Rule 72(a) objections. (DE 89-1.) A proposed order does not enlarge the matters properly presented for review under Rule 72(a). Plaintiff's separate filings seeking expedited consideration and recusal (DE 88; DE 91) are not resolved here.

Having considered Plaintiff's objections individually and collectively, the Court finds no basis to modify or set aside any of the challenged orders.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Rule 72(a) Objections (DE 89) are **OVERRULED**. The Magistrate Judge's October 7, 2026, Order (DE 76), October 19, 2026, Order (DE 81), and October 20, 2026, Order (DE 85) are **AFFIRMED**.

To the extent DE 89 independently requests that the Court direct entry of default, that request is **DENIED**.

The Court expresses no opinion on the merits of Plaintiff's separately pending motions, Defendants' motions to dismiss, or any request for relief not properly presented by the challenged orders. Those matters remain subject to the applicable referral and review procedures. Nothing in this Order alters any existing briefing deadline or other directive.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 2, 2026

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order and the accompanying judgment. A notice of appeal must be filed with the Clerk of Court within thirty (30) days after entry of judgment. See Fed. R. App. P. 3, 4(a)(1)(A).